UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    ED CV 08-01458-SGL(AJWx)                                          Date:  December 10, 2008

Title:    ROSA I. BARRAGAN -v- RECONTRUST COMPANY, ET AL.
=======================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

     Jim Holmes                                                     None Present
     Courtroom Deputy Clerk                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                             None present

PROCEEDINGS:     ORDER REQUIRING FILING OF RICO CASE STATEMENT

     Plaintiff has filed a RICO claim against defendants alleging in the broadest possible of terms that defendants engaged in a pattern and practice of using, via the mails, the non-judicial foreclosure procedures of the state to foreclose on properties that it did not have the right to do so (ostensibly because defendants were not in possession of or could not produce the note upon which said foreclosure was predicated).  Indeed, the breadth with which plaintiff has alleged her RICO claim against defendants is only matched with the brevity with which she has gone about doing so.  The claim literally occupies a few  paragraphs in the complaint, comprising little more than one page.  A RICO claim that is grounded in fraud requires much more particularity than that provided in plaintiff's complaint, in particular the exact misconduct and the basis for liability involved must be pleaded.  See <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764-65 (9th Cir. 2007); <u>Concha v. London</u>, 62 F.3d 1493, 1502-03 (9th Cir. 1995); <u>Alan Neuman Prod., Inc. v. Albright</u>, 862 F.2d 1388, 1392-93 (9th Cir. 1988); <u>Vess v. Ciba-Geigy Corp.</u>, 317 F.3d 1097, 1103-04 (9th Cir.2003)(observing that Rule 9(b) may apply to claims that although lacking fraud as an element are "grounded" or "sound" in fraud).  Given these deficiencies in the complaint as it now stands, plaintiff is directed to file a RICO case statement, attached as exhibit A.

**EXHIBIT A**

MINUTES FORM 90                                                                                 Initials of Deputy Clerk __jh_____
CIVIL -- GEN                                                     1

Plaintiff shall file, within fourteen (14) days hereof, a RICO case statement. If plaintiff does not file and serve a RICO case statement within fourteen (14) days hereof, this will be deemed by the Court as plaintiff's withdrawal of the RICO claim and will result in the automatic summary dismissal of that claim from the complaint. If plaintiff files a RICO case statement within fourteen days, the complaint will be deemed amended to include the RICO case statement.

The RICO case statement shall include the facts plaintiff is relying upon to initiate this RICO claim as a result of the "reasonable inquiry" required by Rule 11 of the Federal Rules of Civil Procedure. In particular, this statement shall be in a form which uses the numbers and letters as set forth below, and shall state in detail and with specificity the following information:

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. § 1962(a), (b), (c), and/or (d).

2. List each defendant and state the alleged misconduct and basis of liability of each.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured.

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

    a. List the alleged predicate acts and the specific statutes which were allegedly violated;

    b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

    c. If the RICO claim is based on the predicate offense of fraud, the "circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

    d. State whether there has been a criminal conviction for violation of the predicate acts;

    e. State whether civil litigation has resulted in a judgment with respect to the predicate acts;

    f. Describe how the predicate acts form a "pattern of racketeering activity"; and

    g. State whether the alleged predicate acts relate to each other as part of a common plan.

If so, describe in detail.

6. Describe in detail the alleged enterprise for the RICO claim. A description of the enterprise shall include the following information:

    a. State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

    b. Describe the structure, purpose, function and course of conduct of the enterprise;

    c. State whether any defendants are employees, officers or directors of the alleged enterprise;

    d. State whether any defendants are associated with the alleged enterprise;

    e. State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

    f. If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the claim alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

    a. State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

    b. Describe the use or investment of such income.

12. If the claim alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

ED CV 08-01458-SGL(AJWx)
ROSA I. BARRAGAN v RECONTRUST COMPANY, ET AL.
MINUTE ORDER of December 10, 2008

13. If the claim alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

    a. State who is employed by or associated with the enterprise; and

    b. State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

14. If the claim alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17. List the damages sustained for which each defendant is allegedly liable.

    IT IS SO ORDERED.